## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 4:03-CR-159(8) |
| | § | |
| ANTHONY LEE JACOBS | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On June 25, 2008, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Randy Blake. Defendant was represented by Denise Benson.

Anthony Lee Jacobs ("the defendant") was sentenced on June 30, 2004, before The Honorable Paul Brown of the Eastern District of Texas after pleading guilty to the offense of Fraudulent Use of Access Devices, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. The defendant was subsequently sentenced to 48 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include a $100 special assessment, drug aftercare, no new credit, and financial disclosure. On October 26, 2006, the defendant completed his period of imprisonment and began service of the supervision term.

In its petition to revoke, the Government alleges the defendant violated the following conditions:

1) Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug

tests thereafter, as directed by the probation officer.  Specifically, the Government alleges as follows. Defendant submitted urine specimens that tested positive for methamphetamine of April 5, 2007, January 3, 2008, and April 25, 2008.  Defendant submitted a urine specimen on May 16, 2008 that tested positive for cocaine.

2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or paraphernalia related to such substances, except as prescribed by a physician.  Specifically, the Government alleges as follows. Defendant submitted urine specimens that tested positive for methamphetamine of April 5, 2007, January 3, 2008, and April 25, 2008.  Defendant submitted a urine specimen on May 16, 2008 that tested positive for cocaine.

3) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month. Specifically, the Government alleges as follows.  Defendant failed to report to the U.S. Probation Office for a scheduled visit on April 17, 2008.

4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office until such time as the defendant is released from the program by the probation officer.  Specifically, the Government alleges as follows. Defendant failed to call the random drug testing line on April 23, 2008 through May 5, 2008.  According to counselor Keith Lang, Defendant failed to report for scheduled substance abuse counseling sessions on April 3, 2008 and April 17, 2008, and Defendant has not contacted Mr. Lang since to schedule subsequent counseling sessions.

The Court scheduled a revocation hearing June 25, 2008. At the hearing on the Government's

petition and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above.  Based upon the defendant's plea of true and with no objection by the defendant or the Government, the Court found the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows:  Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that the defendant, Anthony Lee Jacobs, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months with no term of supervised release to follow said term of imprisonment.

The Court further recommended that the Court request the Fort Worth, Texas facility for service of sentence. The Court further recommended that Defendant be allowed to participate in any available drug treatment and mental health treatment programs for which he may be eligible. The Court further recommended that the Court request that if the defendant is eligible for halfway house placement, he be offered the maximum time allowable.  Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the first two allegations as set forth in the Government's petition be **ACCEPTED**.  Further, it is

**RECOMMENDED** that the defendant's supervised release be **REVOKED**.  Further, it is

**RECOMMENDED** that the defendant, Anthony Lee Jacobs, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months with no term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that the Court request the Fort Worth, Texas facility for service of sentence.  It is further

3

**RECOMMENDED** that the defendant be allowed to participate in any available drug treatment and mental health treatment programs for which he may be eligible. It is further

**RECOMMENDED** that the Court request that if the defendant is eligible for halfway house placement, he be offered the maximum time allowable.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 25th day of June, 2008.**


CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

4